1-09-0991 Baylis Wyngroff Business Forms, Inc. Good morning to the Court. My name is John McGarrow. I represent an out-of-business printing company named Baylis Business Forms. As you might imagine, there is unfortunately little use in this computer age for a company that once made things like three-part business forms. Baylis wants to proceed with an appeal of a decision of the Commission to the Circuit Court of Cook County involving an award of benefits. So a very nice older lady named Gail Farina. The facts of that case are largely irrelevant here today, but they're essentially undisputed. This is really a question of statutory interpretation. It's really a question of statutory interpretation of Section 19F of the Act in a situation where we have an out-of-state, I mean, an out-of-business company which obviously has no one available to sign the bond. Well, can you tell us this? The unambiguous language of the statute requires the bond to be executed by the party against whom the Commission shall have rendered an award. That's correct. So how in Atlantic Mutual the party against whom the award was rendered? If you look at the plain reading of the statute, I would agree with you. But I think if you look to the Dyke-Mueller case, there is an opportunity to consider that it was the only possible way for Baylis to protect the award of the Petitioner. I'm not sure what else could have been done, if anything. Well, let's look at the affidavit. I understand your point. But does the affidavit that was executed by Baranski in this case, does it allege that Atlantic has the authority to execute the bond on behalf of Baylis? No. That's not stated in the affidavit. I can't state that it is. Then on what basis? Well, I'm not sure how it could have been stated. It could never be stated. And that's really one of the problems with the case. As I pointed out, we did what we could with the situation that we had. I mean, if we don't allow the appeal to proceed, then are we saying that an out-of-business employer has no access to the courts? In a situation, even in a situation where the employer went out and procured a policy of insurance, maybe he shouldn't have done that. But if he did it, his business was going down. He had a policy of insurance. He goes out of business. The policy is there to protect the award of the petitioner. Very easy. Tell your insurance company to write its policies giving it the authority to execute bonds. That simple as that. I'm sorry, I didn't hear you. Tell your insurance company to include within its policy of provision that it has the authority to execute bonds for appeal purposes. I'm not aware of that. And it's certainly not in the affidavit. Well, it's not in the insurance policy either. The other question I have for you is Baczynski never even alleged she was authorized to execute a bond for the insurance company, to bind the insurance company. That's not in the affidavit either. That's correct. That is not in the affidavit, Judge. Well, assume for a moment that she was actually an officer of Weingraf. Wouldn't her affidavit have to say that she was authorized to sign bonds for Weingraf? I'm sure it would. I'm sure it would. Well, in this case, how could she ever be authorized by Valis? Valis doesn't exist. They're gone. They don't exist. No, we understand that. But my question is she doesn't even say she's authorized to sign it for the insurance company. So who's being bound here by this bond? Well, she says that she's binding the insurance company in her affidavit. That's how I read her affidavit. She says we have the obligation under the policy and we will protect and indemnify on this case. But where does she get the authority to do that? Does she say she has that? Doesn't she have to say she's got the authority to do that? I think it's implicit in her affidavit as a national director. I understand your point. I'm not sure how to respond to it. All I can say is that she said that pursuant to the terms of the policy, Atlantic was bound to defend and indemnify Valis Rindgroff from and against this claim. I stand ready to do that. The alternative here, of course, is if you uphold the circuit court, what happens? He'll reduce his commission decision to a judgment, which is unenforceable. I don't see how that protects the interest or protects the award of the petitioner. Thank you. Thank you, counsel. Counsel, please. Good morning, Your Honors. Counsel, for the record, my name is Arthur Gurman, and I represent the defendant, Gail Farina. As noted, this is strictly a bond question today. Was the bond executed by the party against whom the commission rendered a decision? And clearly it was not. Nowhere in the affidavit is there any indication that the signer, Ms. Baczynski, had authority to bind anyone, neither the insurance company or the plaintiff. As indicated earlier, there's nowhere does it say she was given authority even by her own company, the insurance company, to bind anyone. How do you respond to the argument? And you're right. Factually, she has not, in her affidavit, said that she was authorized to bind anybody to this bond. And to that extent, the bond is probably defective. But how do you respond to his argument saying, what do you do with a, what does an insurance company do in the case of a now defunct former insured? What does it do? You mentioned one way. Put it in the original policy. At any time, at any time, a company can give authorization to their attorney, to their insurance company, to anyone authorizing them to, you know, to sign a bond. So it's easily done. I think Consul in his brief said it would cost thousands of dollars to do this. It's an affidavit. You sign it authorizing someone to sign the bond on your behalf. It's a simple thing to do, and yet they chose not to do it. Consul refers to the — Well, you have a company that no longer exists, right? I beg your pardon, Judge? You have a company that no longer exists? Well, there's an issue. How do we know that they no longer exist? Consul says it. Ms. Buszynski says that she was informed that they're out of business or that they no longer exist. And in fairness, there was an affidavit. It was not part of the brief, but an affidavit of a James Magira that was filed in the circuit court case. And that affidavit indicated that he made a search of several states, Secretary of State's offices to determine or to obtain an address. There's 50 states. I don't know how many several states are. Clearly, that to me doesn't strike me as an exhaustive search. There's also no indication that they ever attempted to find the incorporators, no indication that they ever attempted to find any officers, no indication that they ever attempted to find any directors to determine if the business was still in existence, if they had been purchased by somebody else, or whether someone was given any authority to, in quotes, wind down their business if indeed they are out of business. We don't really know that they are out of business. But even if they were, they should not be excused from following the clear statutory requirements because there's ways that they could have done it. And if the legislature wanted to make an exception or change a rule for an out-of-business company, it could do so. It chose not to do it. It's silent. Well, is it a problem that it's an out-of-business company or is it a problem that we can't find this company? I mean, I'm not sure the situs of the company makes a great deal of difference in this case. I mean, it's we've... They allege that it's out-of-business. Right. I don't know how they've arrived at that conclusion. I can't say that they are. I can't say that they're not. I have no idea. Not my... But are you really a little bit in a Dick Keynesian world now, a form over substance here? No, sir. Why not? The reason, in my opinion, is this. The statute is unambiguous and it's clear as to what has to be done. Berryman requires strict compliance. A bond was filed. There's no question a bond was filed. The issue is who signed it. And there's no... I mean, the line of cases require either a director or an officer to sign it. The first Chicago case, in fact, said someone signed it. But if he was an officer, he had that authority. And you can come back with an affidavit later. Here, there's no allegation by Ms. Bozinski that she's an officer or a director. In fact, she admits that she works for the insurance company. Is there any merit in your opponent's presentation of the American Insulated Structures case as being persuasive to say that this is okay? Well, that was never determined by the court. Pardon me? This is the case where they allege the same issues here. And it went up on appeal, but the court never addressed that issue because they found another reason to dispose of it. So you're saying the holding doesn't really support this argument. Is that what you're trying to say? Yes. Yes. And lastly, if I may, the court, I believe, is precluded from interpreting legislature that is silent on a specific issue to impose its own fill-in-the-blanks, if you will, of what may be done when the legislature itself did not place that into the legislation. I think that there was and is a mechanism to file a review. It's clear what the statutory requirements are. It's true for everyone. There's a methodology to obtain a hearing. It just wasn't followed here. And I don't think that they can be excused for having not complied with the statutory requirements. Thank you, counsel. Thank you. Rebono? Counsel, can you address this question first? You've acknowledged that the unambiguous language of the statute is the bond has to be executed by the party against whom the commission shall have rendered an award. That isn't the case here. So if we were to go along with your argument and carve out some exception, acknowledging that really isn't the case here but we think in this case we should allow that, where do we draw the line? Doesn't that open it up to all sorts of potential abuses? In theory, yes, but in practice, no, because I think what we've done here that hasn't been done, wasn't done in other cases, wasn't done in Dyckmiller was specific information presented, evidence presented to the court within the 20-day filing period that the purpose, as the court said, if it's not evident that the respondent is obligated by the bond, the purpose of the bond claiming is a method of collecting on an award. I think we've made it evident that there is an avenue for the claimant to collect. That's the whole object here. If the petitioner maintains that the employer should have in advance secured some type of signed bond, I'm not sure what effect that would have, even if that were done. First of all you have the right in the world to write into your insurance policy that the insurance company is authorized to execute bonds buying on behalf of the insured. Why? That's easy. That's one line in a policy. And then you wouldn't have this problem. I'm not privy to the terms of the insurance contract itself. Well, if it was in the insurance contract, it would be in her affidavit and that would be the end of it. I mean, you know, we know that. But you've got an avenue. It's not a question that you can never repeal. You may have to change your policies, but you can do it. Well, it's been suggested I think that somehow we should have done something in advance. If we had gone to, if Atlantic had gone to its insured or the insured had gone to the insurance company and said, you know, this case might end up in the circuit court, so let's go ahead and get a bond signed just in case and let's give you some specific agency to do that, how would you ever know? You have to do it on every single work comp claim that came across your desk. Well, I think what Justice Hoffman suggested, and particularly in a unique situation, I may be wrong, where we have, assuming arguendo, a company that no longer exists. Right. I mean, in reality we're dealing with an indemnity, okay, by a third party, that it would seem that the third party's interest is paramount here in able to protect its due process rights. Correct. And that they would put that in pro forma in all of their policies. Well, I certainly would concede that the real party in interest appears to be Atlantic Mutual, and obviously not Bayless anymore. I mean, today was the first time I ever heard it suggested that perhaps Bayless is still out there somewhere. I guess, you know, theoretically, depending on how this case turns out, maybe we'll find out. There's a judgment out there that doesn't get satisfied. Under agency principle law, if your principle's dead, your agent's dead, too. So, I mean, it's something that the company would do in advance if they're no longer existing. So it would really be the party in interest. I agree. Thank you. Thank you, counsel. Thank you. The court will take the matter under review for disposition. We'll stand on recess for a short period.